### KINGSLAND *v.* MAYOR, ETC., OF CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.* April 17, 1891.)

APPEAL—RESETTLEMENT OF CASE.
> On an assignment of error in permitting counsel, on summing up, to read authorities to the jury, a specification in the case on appeal of two of the authorities read to the jury is sufficient to present the question for review, and the refusal to permit a resettlement of the case so as to specify other authorities that were read to the jury will not be disturbed.

Appeal from special term, New York county.

Action by William M. Kingsland against the mayor, etc., of the city of New York. From an order denying a resettlement of the case defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*C. Blandy,* for appellant. *W. W. MacFarland,* for respondent.

VAN BRUNT, P. J. The appellant in this case claims that his rights were infringed by the reading by the counsel for the plaintiff, in his summing up, of authorities to the jury. That question is presented upon the case as settled in respect to two authorities, and it is claimed by the counsel for the appellant that more were referred to which were not contained in the case. The court denied the motion to resettle the case by insertion of the additional authorities, and from such order this appeal is taken. We think this appeal is entirely without merit. The question is fairly raised upon the case as settled. If it was error in respect to the two cases cited in the appeal-book as settled, the question is raised as completely as though it contained pages of cases. This being simply a question of law, in respect to which the jury had nothing to do, the court was bound to abbreviate the recital of the point as much as possible, so long as the record presented fairly and squarely the exception; and there is no complaint but that the exception is fairly presented in respect to the two authorities contained in the case on appeal, and the only dissent is from the fact that the court refused to multiply other cases from which it is alleged the plaintiff's counsel read to the jury. As already stated, all that we think the court was bound to insert in the case was sufficient to raise the question of law involved, and that anything beyond that was surplusage, and must of necessity be excluded; and we may say that the court may have refused to insert these cases because, in its opinion, they were not referred to. But it is not necessary to place our decision upon this ground, as the one already stated is sufficient. The order should be affirmed, with $10 costs and disbursements.